# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**COLUMBUS CHRIS WILLIAMS (#293144)**               **CIVIL ACTION NO.**

**VERSUS**                                                              **21-367-SDD-EWD**

**STATE OF LOUISIANA ATTORNEY
GENERAL'S OFFICE, ET AL.**

## RULING

This matter comes before the Court in connection with the Court's Order[1] dated September 10, 2021, directing Plaintiff to pay, by no later than October 1, 2021, the full amount of the Court's filing fee.

Pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the Court determined that the Plaintiff was not authorized to proceed *in forma pauperis* herein and ordered him to pay, by September 10, 2021, the full amount of the Court's filing fee.[2] The Plaintiff was placed on notice that a failure to comply with the Court's Order may result in the dismissal of Plaintiff's action without further notice from the Court.[3]

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is, nonetheless, required to pay the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and *pauper* status shall be denied where the prisoner has filed, on at least three prior occasions while incarcerated, actions or appeals that have been dismissed as legally baseless. Specifically,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions,

---

[1] R. Doc. 3.
[2] *See* R. Doc. 3.
[3] R. Doc. 3.

while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In the instant case, the Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[4]

Accordingly, pursuant to 28 U.S.C. § 1915(g), this Court directed Plaintiff to pay the full amount of the Court's filing fee by October 1, 2021. A review of the record by the Court reflects that the Plaintiff has failed to pay the filing fee as ordered.[5] Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned proceeding be **DISMISSED WITHOUT PREJUDICE** for failure of the Plaintiff to pay the Court's filing fee. *Judgment* shall be entered accordingly.

Signed in Baton Rouge, Louisiana on <u>February 11, 2022</u>.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**

---

[4] Cases filed by Plaintiff that have been dismissed as frivolous or for failure to state a claim include, but are not limited to the following: *Williams v. Larpenter*, No. 01-3697 (E.D. La. 2002) (dismissing Plaintiff's complaint with prejudice as legally frivolous and/or for failure to state a claim under 28 U.S.C. 1915(e)(2) and 42 U.S.C. 1997(e)(c)(1) because all claims barred by the applicable statute of limitations); *Williams v. 32nd JDC*, No. 01-3731 (E.D. La. 2002) (dismissing Plaintiff's claims with prejudice as frivolous and for failure to state a claim upon which relief may be granted); *Williams v. Larpenter*, No. 01-3732 (E.D. La. 2002)(dismissing claims with prejudice as frivolous under § 1997e); *Williams v. Larpenter*, No. 01-3733 (E.D. La. 2002) (Plaintiff's claims dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted); *Williams v. Terrebonne Parish Consolidated Government*, No. 02-443 (E.D. La. 2002) (Plaintiff's claims dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii); *Williams v. Larpenter*, No. 02-495 (E.D. La. 2002)(Plaintiff's suit dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). *See also Williams v. Terrebonne Parish Sheriff's Office, et al.*, No. 04-1172 (E.D. La. 2004) (recognizing that Plaintiff had accumulated three strikes and denying his request to proceed *in forma pauperis*).

[5] Because Plaintiff filed a letter on October 13, 2021 requesting "a few days" to pay the fee, the Court graciously held off on dismissing this action. R. Doc. 4. However, now, Plaintiff has had far more than a few days and still has not paid the fee, rendering this case ripe for dismissal.